IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THU THI PHAM and HOANG NGO** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **SA-22-CV-01345-JKP** |
| **CHARGER LOGISTICS USA, INC.** | § | |
| **and JOHN DOE** | § | |
| *Defendants.* | § | |

**PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THU THI PHAM and HOANG NGO hereinafter called "Plaintiffs," complaining of and about CHARGER LOGISTICS USA, INC. and JOHN DOE hereinafter called "Defendants" and for cause of action shows unto the Court the following:

1. **DISCOVERY CONTROL PLAN**

Plaintiffs intend to prosecute this case under Discovery Control Plan 3

2. **RULE 47 STATEMENT**

Plaintiffs seek monetary relief of more than $1,000,000

3. **PARTIES**

Plaintiffs are individuals and residents of Bexar County, Texas.

Defendant CHARGER LOGISTICS USA, INC. is a foreign corporation who may be served with process through their registered agent at:

Corporate Creations Network Inc.
5444 Westheimer, #1000
Houston, TX 77056
Or wherever they may be served.

Defendant JOHN DOE is an unidentified employee of CHARGER LOGISTICS USA, INC. and will be served promptly after Defendants disclose his information.

Defendants are amenable to service of process by a Texas court.

4. **JURISDICTION**

This court has jurisdiction over the parties because all either reside in Texas, or do business in Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court. This court has the statutory power to declare rights, status, and other legal relations pursuant to Tex. Civ. Prac. & Rem. Code§ 37.003, whether or not further relief is or could be claimed.

5. **VENUE**

Venue is proper in the San Antonio Division of the U.S. District Court, Western District of Texas because the incident made the basis of this suit occurred in Travis County.

6. **FACTS**

On or about February 14, 2021 Plaintiff Thu Thi Pham was driving their 2015 Lexus NX heading northbound on the 3000 block of IH 35 in San Antonio, Texas. Hoang Ngo was a passenger in the vehicle with Ms. Pham. JOHN DOE was driving a commercial tractor and trailer in the course and scope of his employment with Charger Logistics USA, Inc. also headed northbound on IH 35, directly behind Plaintiffs. After Plaintiffs were in an initial accident with another vehicle, JOHN DOE failed to drive attentively, failed to take evasive action, failed to

control speed and failed to maintain a proper distance, striking Plaintiffs from behind. Plaintiffs were seriously injured in this accident.

### 7. NEGLIGENCE

JOHN DOE had a duty to operate his vehicle reasonably and prudently and to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

At all times relevant to the collision, the unknown driver was guilty of various acts and/or omissions which constitute negligence, careless, and reckless disregard of said duty including, but not limited to, the following, each of which singularly or in combination with others, was the proximate cause of the occurrence in question:

　　a) Failing to maintain a proper lookout while driving on a public roadway;
　　b) Failure to use due caution given the conditions and circumstances on the roadway;
　　c) Failing to maintain proper control of his vehicle;
　　d) Failing to properly apply the brakes to the motor vehicle and/or wholly failing to apply the brakes in order to avoid the collision in question;
　　e) Failing to maintain proper attention while driving on a public roadway;
　　f) Failure to control speed;
　　g) Faulty evasive action; and
　　h) Failure to maintain a proper distance

The aforesaid occurrence was caused wholly and solely by reason of the negligence of this unknown driver without any fault or negligence on the part of Plaintiffs contributing thereto.

### 8. RESPONDEAT SUPERIOR

Defendant CHARGER LOGISTICS USA, INC. is liable under the doctrine of respondeat superior for the conduct of their employee because he was operating the vehicle made the basis of this suit in the course and scope of his employment for CHARGER LOGISTICS USA, INC. Defendant is also following in one or more of the following respects"

    a. Negligent hiring

    b. Negligent entrustment

    c. Negligent maintenance

    d. Negligent training and safety implementation

    e. General negligence

Each of these acts and/or admissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses set specifically herein.

## 9. JOINT ENTERPRISE

Defendants CHARGER LOGISTICS USA, INC. and JOHN DOE were involved in a joint enterprise concerning the trip made the basis of this suit. Defendants also were involved in a joint enterprise by the relationship between the vehicle, the cargo, the equipment, the instructions, the shipping routes and control of the trailer. As such, Defendants were involved in a joint enterprise.

## 10. PERMISSIVE USE

Defendant CHARGER LOGISTICS USA, INC. is liable for Plaintiffs' damages and injuries on the basis of permissive use as such they knowingly and willingly gave or implied permission for Defendant JOHN DOE to drive their vehicle, trailer and cargo.

## 11. GROSS NEGLIGENCE

The wrong done by CHARGER LOGISTICS USA, INC. and JOHN DOE, was aggravated by the kind of conduct for which the law allows the imposition of exemplary damages in that the Defendants' conduct when viewed objectively from Defendants' standpoint at the time of the

conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs, therefore, seeks exemplary damages in an amount within the jurisdictional limits of the court.

**12. DAMAGES**

Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiffs' health and well-being.  Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire life.

As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

Plaintiffs plead all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

As a direct and proximate result of Defendants' breach of duty, Plaintiffs were caused to incur the following damages:

a) Reasonable and necessary medical care and expenses in the past;
b) Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;
c) Physical pain and suffering in the past;
d) Physical pain and suffering that will, in reasonable probability, be suffered in the future;
e) Physical impairment in the past;
f) Physical impairment that will, in reasonable probability, be suffered in the future;
g) Mental anguish in the past;
h) Mental anguish that will, in reasonable probability, be suffered in the future;
i) Lost wages;
j) Loss of earning capacity in the past;
k) Loss of earning capacity that will, in reasonable probability, be incurred in the future;
l) Disfigurement in the past;
m) Disfigurement that will, in reasonable probability, be suffered in the future; and
n) Exemplary Damages

**13. PREJUDGMENT AND POSTJUDGMENT INTEREST**

Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

**14. JURY FEE**

Plaintiffs demand a trial by jury, and shall tender the jury fee.

**15. RESERVATION OF RIGHTS**

Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition and add additional counts and/or parties as discovery continues.

**16. NOTICE PURSUANT RULE 193.7**

This will serve as formal written notice to you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedures, of the Plaintiffs intend to use at trial any and all documents, which you have produced on behalf of the Defendants in response to any formal written discovery request, and any and all supplemental and/or amended responses to any formal written discovery requests,

including, but not limited to, answers to interrogatories; responses to requests for production; responses to requests for disclosures, affidavit, deposition on written questions, Rule 11, or any documents and things created and/or produced by Defendants from any source, and provided to the Plaintiffs.

### 17. CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred.

### 18. SELF-AUTHENTICATION PURSUANT TO RULE 193.7

This serves as notice, pursuant to Tex. R. Civ. P. 193.7, that Defendants' production of any document, in response to any of Plaintiffs' written discovery requests, authenticates the document for use against the Defendants in any pretrial proceeding or at trial, unless, within 10 days after receiving this notice, the Defendants objects to the authenticity of the document, or any part thereof, stating the specific basis for the objection.

### 19. PRAYER

WHEREFORE, Plaintiffs pray that, on final trial, Plaintiffs have:

A. Judgment against Defendants within the jurisdictional limits of this court.

B. Pre-judgment and Post-judgment interest

C. Costs of suit

D. Injunctive relief to obtain pertinent evidence

E. All such other relief, at law or at equity, to which Plaintiffs may show themselves to be entitled.

Respectfully submitted,

**DTD LAW FIRM, PLLC**

By: /s/ *Zachary A. Zapata*
Zachary A. Zapata
State Bar No. 24110880
zach@danglawgroup.com
901 NE Loop 410, Ste. 802
San Antonio, TX 78209
Tel: (726) 600-1200
Fax (833) 666-0580

**ATTORNEY FOR THE PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with opposing counsel of record on the merits of this amended pleading, and the pleading is AGREED and UNOPPOSED.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on January 24, 2023.

J. Eric Elder
TXSBN: 24012583
eric.elder@wilsonelser.com
Roger Kirstein
TXSBN: 11533700
rkirstein@langleybanack.com
Erica E. Valladares
TXSBN: 24045841
evalladares@langleybanack.com

*/s/ Zachary A. Zapata*
Zachary A. Zapata